UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TERRY CROSBY, individually and on behalf of all others similarly situated,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**BYLAND TRANSPORTATION LLC,**<br><br>    **Defendant.** | Case No. 1:22-cv-05962<br><br>Honorable Jorge Alonso |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Terry Crosby and Defendant Byland Transportation LLC ("Byland") have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiffs have filed a motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiff's motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Settlement Agreement, the Court defines the Settlement Class as follows:

> All individuals or entities that contracted with Defendant as lessors/owner operators from October 28, 2012 to the Preliminary Approval Date and that were paid based on a percentage basis for each load.

2. The Court finds that the Settlement Administrator has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including

dissemination of the Class Notice. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

      3.      The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

      4.      The Court directs payment to Class Counsel a total sum of $60,000.00. The Court finds that this award of attorneys' fees, costs, and expenses is less than or equal to the market rate of Plaintiffs' attorneys' services had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than one week after the Effective Date, as defined in the Settlement Agreement.

      5.      The Court directs payment in the amount of $3,000 to the Named Plaintiff as an incentive award. The Court finds that this award is reasonable to compensate the Named Plaintiff for the assistance he provided to Class Counsel in this litigation. These payments shall occur at the same time that the Named Plaintiff receives any settlement awards to which he is entitled.

      6.      Pursuant to the parties' settlement agreement, the Court directs Defendant to pay ILYM Group, Inc. ("ILYM") for the reasonable cost of the work that it has performed and will perform as Settlement Administrator.

      7.      The Court directs ILYM to issue settlement checks to all Class Members who did not timely opt out of the Settlement, as contemplated by the Settlement Agreement. ILYM shall mail these checks to Class Members no later than one week after the Effective Date, as defined in the Settlement Agreement.

8.      The Court hereby dismisses this case with prejudice against Defendant. All Class Members herein release and forever discharge Defendant and the other Released Parties from claims outlined and described in Section III.3.A of the Settlement Agreement.

ENTERED:



_____
Jorge L. Alonso
United States District Court Judge

Dated: October 19, 2023